UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CHARLES GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV414-145 |
| | ) |
| Corizon Medical Health Services | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Charles Green brings this 42 U.S.C. § 1983 case[1] against Corizon Medical Health Services, the medical health provider for the privately-

---

[1] Since he has completed his *in forma pauperis* ("IFP") paperwork, docs. 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows the *sua sponte* dismissal of an IFP complaint for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*,

run medical department at the jail in which he is incarcerated.[2] Doc. 1. He complains that while housed at the Chatham County Detention Center, Corizon's staff treated him for an ailment he never bothers to specify. Plaintiff used a form § 1983 complaint, and when he responded to questions about the administrative exhaustion of his claim, he wrote (in raw, unedited form):

> Well the RN look at swollen area pass it off they 2 months later the Dr. look and said that he don't know what to do. They said that "the drug Toefmnill" and they don't know what of if they do anything about it. Said they were going to send me out to outside facility. That never happened. Problem still persist. Until June-10-2014. The hospital told me they can't do nothing.

Doc. 1 at 3.

He then admits that he did *not* appeal his prison grievance "to the highest level possible in the administrative procedure." *Id.* at 4. He explains (also in raw, unedited form): "I was sent to [a hospital] in Savannah Georgia on June-10-2014 for a 1:00 p.m. appointment for a

---

627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] "[A]lthough it is a private entity, it is performing a function traditionally the exclusive prerogative of the government and thus may be held liable for constitutional violations under Section 1983. *See Fields v. Corizon Health, Inc.*, 490 Fed. Appx. 174, 181–82 (11th Cir. 2012)." *Kruse v. Corizon, Inc.*, 2013 WL 3366043 at * 5 (S.D. Ala. July 5, 2013) (cite omitted).

2

mam[m]ogram. The[y] took pi[ctures]. Said [there was] nothing they [could] do." *Id.*

For "Relief" Green

> would like the courts to have Corizon Health Services to inform their inmate patients of the side-affects of the drugs that they are taking because some drugs have different [e]ffects on different people. I would like for them to inform all inmates[,] not just regular but mental health inmates to. We have the right to know what we're taking.
>
> I would like the courts to grant me compensation for pain & suffering and humiliation, emotional stress, ridicule, torment.
>
> Well I'm seeking $700,000.00 in damages and suffering of emotional-stress, pain and suffering humiliation, ridicule, torment and for my medical expencise please. I'm going to need some medical help.

Doc. 1 at 6.

In that Green admits he failed to exhaust his claim, his case must be dismissed on that ground alone. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures); *Jones v. Fogam*, 2014 WL 545404 at * 1 (S.D. Ga. Feb. 12, 2014).

Additional grounds support dismissal. To advance an Eighth Amendment claim against Corizon, Green must show deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To prevail on a deliberate indifference to medical need claim [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009)." *Williams v. Barrow*, 559 F. App'x 979, 984 (11th Cir. 2014). On the second prong, Green must plead and prove that a defendant disregarded a serious risk of harm of which he was subjectively aware, and that such conduct amounted to more than gross negligence. *Id.* (citing *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). And the standard applied here is the same for pre- and post-trial detainees. *Craig v. Floyd County*, 643 F.3d 1306, 1310 (11th Cir. 2011).

Green comes nowhere close to meeting these basic requirements. Indeed, he doesn't even say what his ailment is, much less plead facts to establish that it constituted a serious medical need and was

4

deliberately disregarded by a specific defendant. If anything, he simply is not happy with a medical result, wants a lot of money, and seeks some sort of institutional reform aimed at better informing inmates of medical risks. His case is so baseless that it does not lend itself to a second-chance pleading opportunity.[3] Accordingly, Charles Green's case should be **DISMISSED WITH PREJUDICE**.

Finally, plaintiff must pay his filing fee. His furnished account information shows that he has averaged $21.67 in his prison account during the past six months. Doc. 5. He therefore owes a $4.33 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall remit that to the Clerk of Court (payable to the "Clerk of Court") plus 20 percent of all future deposits to his account, forward those additional funds to the Clerk each time the set

---

[3] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed.R.Civ.P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this __1st__ day of October, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA